## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRSITOPHER TODD MONTGOMERY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-230 |
| C/O TRASK, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Christopher Todd Montgomery has filed this case asserting he was subjected to unconstitutional conditions of confinement at Coastal State Prison. *See* doc. 1 at 7-9. The Court granted his request to proceed *in forma pauperis*. Doc. 3. It directed him to return several forms. *Id.* at 4-5. He has not returned either of the forms. Montgomery has sent three letters addressed to the undersigned. Docs. 4, 5 & 6. Although those letters are improper, as discussed below, the Court will afford Montgomery additional time to comply with the Court's prior Order.

First, Montgomery's presentation of his filings as letters addressed to the undersigned is improper. *See In re Unsolicited Letters to Federal*

*Judges*, 120 F. Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit.  It cannot be requested in a personal letter to a judge." (emphasis omitted)); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  Unlike letters, which often lack clarity and can be easily mischaracterized, motions articulate—ideally, in a clear and direct manner—what is sought from the court and the factual and legal basis for such request. Despite the formal impropriety, the Court will reconstrue Montgomery's filings and address their substance.  *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)); *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis.").

One of Montgomery's letters, dated August 24, 2023, concerns the forms the Court's prior Order directed him to return. *See generally* doc. 5; *see also* doc. 3 at 4-5. He first indicates that the Prisoner Trust Account Statement form is often not returned to prisoners by prison staff for approximately thirty days. *See* doc. 5 at 1. He also indicates that the Consent to Collection of Fees form was either inadvertently omitted from the Clerk's mailing or otherwise lost. *Id.* As a result of those two issues, he states that he is unable to timely comply with the Court's Order. *Id.* at 1-2. Since his letter is deemed filed[1] prior to the deadline for him to return the forms, the Court construes it as a Motion for Additional Time. *See* Fed. R. Civ. P. 6(b)(1)(A). That request is **GRANTED**. Montgomery is **DIRECTED** to return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account forms by no later than October 13, 2023. The Clerk is **DIRECTED** to enclose additional copies of both forms with this Order for Montgomery's convenience. He

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary . . ., [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

is advised that failure to comply with this Order timely may result in a recommendation that his case be dismissed. *See* Fed. R. Civ. P. 41(b).

In another of his letters, Montgomery seeks to "amend" or "correct" facts alleged in his original Complaint. *See* doc. 4 at 1. To the extent that Montgomery seeks to file an Amended Complaint, he does not require the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). The Federal Rules permit a plaintiff to amend once "as a matter of course." *Id.* Had Montgomery submitted an Amended Complaint, the Court might accept it as the operative pleading. Since he indicates that he wishes to file an Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Montgomery is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). In other words, if he submits an Amended Complaint, his original Complaint will be replaced and any allegations it contains, which are not included in the amendment, are abandoned and will no longer form a part of his allegations against any defendant. *See, e.g., Dresdner Bank AG, Dresdner Bank AG in Hamburg*

4

*v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).
Montgomery is advised that neither his original nor any amended
complaint will be screened, pursuant to 28 U.S.C. § 1915A, unless he
returns the forms as directed above.

Montgomery's final letter cannot be reconstrued to request any
cognizable relief. His letter expresses a concern that grievance-related
documents were lost after what he describes as a "shakedown." *See* doc.
6 at 1. He states that he is concerned "that the [d]igital medical
complaints and [g]rievances that [he has] filed . . . will somehow be
deleted or destroyed." *Id.* He inquires whether those records could be
"secured" prior to service of any defendant. *Id.* He also states that he is
"concerned about retaliation," because "they <u>always</u> retaliate in Georgia."
*Id.* Finally, he requests that the Court "get a federal prosecutor or
investigator or lawyer or someone up here to see [him] soon." *Id.* at 2.

To the extent that Montgomery's vague suggestions of impropriety
could be construed as requests for injunctive relief, they are insufficient.
"In this Circuit, a preliminary injunction is an extraordinary and drastic
remedy not to be granted unless the movant clearly established the
burden of persuasion as to each of the four prerequisites"; namely (1) a

substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). The Court, therefore, declines to construe his letter as requesting such "extraordinary relief."

To the extent that his request that the Court "get a federal prosecutor or investigator . . .," doc. 6 at 2, to consider his allegations seeks to initiate a criminal investigation or prosecution, that relief is beyond the Court's authority. *See, e.g., Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions

of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system.").  Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches.  *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

In summary, the Court **GRANTS** Montgomery additional time to return the forms required to proceed *in forma pauperis*.  He is **DIRECTED** to return those forms, as instructed above, no later than October 13, 2023.  His request to submit an amended complaint is dismissed as moot, as he remains able to file such an amendment as a matter of course.  He is reminded that letters to the Court are not a proper method to seek judicial action.  The Court will take no further

7

action on any of the material contained in his letters.  To the extent that there is any relief, not addressed above, that he wishes to pursue, he remains free to seek that relief by a properly filed motion.

**SO ORDERED,** this <u>12th</u> day of September, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA