UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TODD MONTGOMERY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-230 |
| C/O TRASK, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATIONS

*Pro se* plaintiff Christopher Todd Montgomery has filed this 42 U.S.C. § 1983 lawsuit concerning conditions of his confinement at Coastal State Prison. *See* doc. 1. The Court granted him leave to proceed *in forma pauperis*, doc. 3, and he has returned the required forms, *see* docs. 14 & 15. The Court, therefore, proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A. Montgomery has also moved for appointed counsel,[1] doc. 16, and has sent several "affidavits" that the Court will discuss before screening.

---

[1] Montgomery's request for appointed counsel was not signed. *See* doc. 18. Since, as explained below, it is also substantively meritless, his failure to sign it is moot.

Montgomery's Motion to Appoint Counsel simply asserts that he is "a[n] indigent inmate and really need[s] couns[e]l . . . ." Doc. 16. Montgomery has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General

lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Although there are some ambiguities in his pleading, discussed below, Montgomery has presented "the essential merits of [his] position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Plaintiff's request for court-appointed counsel is, therefore, **DENIED**. Doc. 16.

Montgomery has also filed documents styled as "affidavits," which implicate requests for injunctive relief against the facility where he is currently incarcerated, Central State Prison in Macon, Georgia. *See* docs. 12 & 17. To the extent that Montgomery's requests are even properly before the Court, they should be **DENIED**. The Court has previously

explained to Montgomery that informal requests for judicial action are improper. *See* doc. 7 at 1-2. It might, therefore, simply ignore the requests contained in the "affidavits." However, even if the Court construed those filings as motions seeking injunctive relief, they are meritless. First, as discussed below, the allegations in this case and the named individual defendants are all associated with Coastal State Prison. *See generally* doc. 1. Montgomery seeks injunctions against staff at Central State Prison. *See* doc. 12 at 2; doc. 17 at 1. "[I]t is axiomatic that courts may only enjoin parties before the court," and the general rule is that "a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks and citations omitted). Montgomery's requests seek "injunctive relief against officials at his prison who [are] not parties to the instant action, [and this Court] lack[s] subject-matter jurisdiction to grant him the relief that he request[s]." *Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (citing *In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995)).

Having addressed those preliminary matters, the Court may proceed to screen Montgomery's Complaint. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Montgomery alleges that he was denied medical treatment while he was in segregated confinement, *i.e.* "the hole." *See* doc. 1 at 8. Although he does not explain the background of his injuries, he apparently had leg wounds which were bandaged. *Id.* The bandages were not changed with sufficient regularity while he was in segregated confinement, resulting in serious infections. *Id.* He also alleges that he "was beaten by Sgt. Gibbs," and suffered three broken ribs. *Id.* at 9. He alleges, albeit vaguely, that he was not provided with appropriate medical care after the beating. *Id.* He identifies multiple defendants; Trask, Gibbs, Caple, Talmaje, Warden Panera, ADA Coordinator Mack, Nursing Director

5

Meres, Zahran, the Georgia Department of Corrections, Central State Prison, Durant, Agyemang, and Coastal State Prison. Doc. 1 at 2-5. He seeks twenty million dollars in damages. *Id.* at 8.

First, several of the defendants that Montgomery names are improper. The Georgia Department of Corrections is immune from suit under the Constitution's Eleventh Amendment. *See, e.g., Jones v. Georgia Dept. of Corrs.*, 763 F. App'x 906, 907 (11th Cir. 2019). Neither Central State Prison nor Coastal State Prison are entities subject to suit. *See, e.g., Johnson v. Benton*, 2021 WL 6750967, at *2 (S.D. Ga. Dec. 20, 2021) ("Coastal State Prison is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims," and collecting cases). Defendants the Georgia Department of Corrections, Central State Prison, and Coastal State Prison should, therefore, be **DISMISSED**.

Montgomery's allegations that he was denied sufficient care for his leg wounds implicates a claim for deliberate indifference to his serious medical needs. To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires

that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotations and citation omitted).

Montgomery has not alleged sufficient facts to support a deliberate indifference claim. First, he has not sufficiently alleged a serious medical need, even if his allegations suggest that one existed. First, in considering claims arising from a failure or refusal to change bandages, courts have required allegation of an underlying condition requiring the bandages be changed. *See, e.g., Schall v. Horton*, 2021 WL 1851132, at *4 (W.D. Mich. May 10, 2021) ("Plaintiff fails to allege facts showing that

there was a serious medical need to have his bandages changed . . . ."). Infections may constitute a serious medical need, but do not always. *See, e.g., Davison v. Nicolou*, 2016 WL 6404034, at *4 (S.D. Ga. Oct. 27, 2016) (symptoms of bacterial infection "the vast majority of which physically manifested themselves to the naked and untrained eye," sufficiently alleged serious medical need). Even supposing, however, that Montgomery's allegation of a serious infection were sufficient to identify a serious medical need, at some point in its progress, he never alleges any fact that even suggests any of the named defendants had the requisite subjective knowledge. Although he fails to state a deliberate indifference claim, as discussed below, Montgomery is entitled to an opportunity to amend and clarify his claim.

Montgomery's allegation that he was "beaten" by Defendant Gibbs implicates an excessive force claim. It is well-settled that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotation marks, alteration, and citation omitted); *see also Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019). "In considering an Eighth Amendment excessive force claim,

8

[the court] must consider both a subjective and objective component: (1) whether the officials acted with a sufficiently culpable state of mind, and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Johnson v. Moody*, 206 F. App'x 880, 883 (11th Cir. 2006) (internal quotation marks, alterations, and citation omitted). "With respect to the subjective element, to have a valid claim . . . the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020). In the absence of any allegation concerning the circumstances of the alleged beating, the Court cannot conclude that Gibbs acted with a sufficiently culpable state of mind. Montgomery, therefore, fails to state an excessive force claim.

Although the Complaint fails to state any claim, Montgomery is entitled to an opportunity to amend before the Court recommends dismissal. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the actin."). Accordingly, Montgomery is **DIRECTED** to submit an Amended

Complaint clarifying his allegations of deliberate indifference to his serious medical needs and excessive force no later than October 31, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Montgomery is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Montgomery is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

In summary, Montgomery's request for appointed counsel is **DENIED**. Doc. 16. His requests for injunctive relief against unidentified staff at Central State Prison, to the extent that they are properly presented at all, should be **DENIED**. Docs. 12 & 17. His claims against the Georgia Department of Corrections and Coastal State Prison should be **DISMISSED**. His claims concerning deliberate indifference to his serious medical needs and Defendant Gibbs' excessive force must be

amended, as discussed above. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Montgomery had average monthly deposits to his prison trust account of $300.00. *See* doc. 15 at 1.

He, therefore, owes a $60.00 initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be

12

collected by the custodian at all future facilities in accordance with the terms of this Order.[2]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.