# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TODD MONTGOMERY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-230 |
| C/O TRASK, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously screened *pro se* plaintiff Christopher Todd Montgomery's 42 U.S.C. § 1983 Complaint concerning the conditions of his confinement at Coastal State Prison. *See generally* doc. 20. Several claims asserted were dismissed, *see* doc. 28, and Montgomery was afforded an opportunity to amend his pleading, *see* doc. 20 at 10-11. He has submitted his Amended Complaint. *See* doc. 27. The Court, therefore, proceeds to screen it. *See, e.g.,* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Montgomery is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I. Omitted Defendants

Montgomery's original Complaint named thirteen defendants. *See* doc. 1 at 2-6. Defendants Georgia Department of Corrections, Central State Prison, and Coastal State Prison were previously dismissed as improper. *See* doc. 28. The allegations in Montgomery's Amended Complaint, as discussed more fully below, are limited to his claims that Defendants Trask, Talmaje, Caple, and Mack were deliberately indifferent to his serious medical needs. *See* doc. 27 at 2-3, 6. It omits any allegations implicating previously-named Defendants Gibbs, Panera, Meres, Zahran, Durant, or Agyemang. *See id.* In the absence of any

allegation implicating those defendants the Amended Complaint does not state any claim against them. They should, therefore, be **DISMISSED**.

## II. Deliberate Indifference

Montgomery's amended factual allegations are straightforward. He alleges that between September 2022 and January 2023, he was in "the hole," presumably segregated confinement. *See* doc. 27 at 6. He alleges that he suffers from a skin condition, subcorneal pustular dermatosis, which requires daily dressing changes. *Id.* During the period he was in segregated confinement he "only received 12 dressing changes," and Defendants Trask, Caple, Talmaje, and Mack[1] "ignored [his] cries for help and the Doctor[']s orders." *Id.* He seeks monetary damages and for "Defendants to lose their jobs and never be able to work in corrections again." *Id.*

As the Court previously indicated, Montgomery's allegations implicate a claim that Defendants were deliberately indifferent to his serious medical needs. To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs

---

[1] Montgomery's Amended Complaint indicates that Mack is the prison's "ADA Coordinator," and may also use the name "Worthen." *See* doc. 27 at 3, 6.

3

of prisoners . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 33 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 62 F.3d 557, 564 (11th Cir. 2010).

Montgomery's allegations concerning the state of his leg wounds remain somewhat vague. *See* doc. 20 at 7-8. However, he now alleges that daily dressing changes were ordered by a physician. *See* doc. 27 at 6. The allegation, albeit vague, that the Defendants failed to provide physician-prescribed care is sufficient to allege that they were deliberately indifferent. *See, e,g., Estelle*, 429 U.S. at 104-05 (identifying

"prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," as examples of deliberate indifference); *Bingham*, 654 F.3d at 1176 ("An Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." (citation omitted)). Montgomery's allegations that the Defendants "ignored [his] cries for help," doc. 27 at 6, is sufficient, if only for screening purposes, to allege the Defendants' subjective knowledge. Montgomery's deliberate-indifference claim is, therefore, sufficient to be served upon Defendants Trask, Caple, Talmaje, and Mack.

In summary, Montgomery's claims against Defendants Gibbs, Panera, Meres, Zahran, Durant, and Agyemang should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Montgomery's deliberate indifference claim against Defendants Trask, Caple, Talmaje, and Mack, a copy of Plaintiff's Amended Complaint, doc. 27, and a copy of this Order and Report and Recommendation shall be served upon Trask, Caple, Talmaje, and Mack, by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all

discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel,

the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will**

10

**authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press this case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

The Court must also assess Brown's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects no average monthly deposits to or balance in his prisoner trust account. Doc. 5 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and

all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>12th</u> day of February, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA